Hillsborough,
May 4, 1937.

ELTON T. PROCTOR, *Ex'r v.* DELIA J. FLANDERS.

*Ralph G. Smith* (by brief and orally), for the plaintiff.

*Samuel T. Holmgren* (by brief and orally), for the defendant.

*Per Curiam.* The evidence fully warranted the master's finding that the defendant owed the plaintiff the amount awarded. In respect to the claim in set-off, the controversy was over the oral terms of consideration for a deed given the plaintiff's testate by his son. The defendant alleged that one of the terms was that when the testate conveyed the property, he was to pay her, or for her benefit, a part of the proceeds. He sold the property but paid her nothing. A careful examination of the evidence shows that the master, allowing for his exercise of reasonable belief in accepting or rejecting testimony, found properly that her claim was unproved.

Upon the motion for a rehearing on the ground of evidence claimed to be newly discovered, the disallowance of the claim as to part of it was a reasonable finding, the ruling that part of it was incompetent in view of its source was correct, and the finding that the remainder of it would be ineffective to change the result was justified.

The claim that the new evidence or some part of it, although available at the trial, was not offered by reason of accident and mistake also fails. The finding that it would not change the result shows its insufficiency as reason for recommittal of the report.

The requests for special findings, so far as they were in any way material to the issues in the case, all appear to have been duly acted upon, and the grant of some while others were denied was a due exercise of the master's province in finding the facts.

In conclusion, the express finding that the evidence at the trial did not sustain the claim of set-off imported that no contract as the defendant alleged the testate made was proved. As the evidence clearly was inconclusive, no error of law inheres in the finding.

*Judgment on the report.*